08 CV 4474

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

DOREEN GREENWOOD,

                                    Plaintiff,

            -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION;
ADRIAN BENEPE, as Commissioner of the NEW
YORK CITY DEPARTMENT OF PARKS AND
RECREATION; JOSEPH TRIMBLE, as Director of
Timekeeping, Payroll, Benefits, and Labor Relations,
of the NEW YORK CITY DEPARTMENT OF PARKS
AND RECREATION; RAYMOND KELLY, as
Commissioner of the NEW YORK POLICE
DEPARTMENT; and ANDREW LUNETTA, as
Commanding Officer of the License Division of the
NEW YORK POLICE DEPARTMENT,

                                    Defendants.

----------------------------------------------------------------x

JUDGE DANIELS

**COMPLAINT AND
JURY DEMAND**

08 Civ.



RECEIVED
JULY 13 2008
U.S.D.C. S.D. N.Y.
CASHIERS


Plaintiff, as and for her Complaint, by her undersigned attorneys, alleges as follows:


## INTRODUCTION

1.      This action is brought by a tenured employee of defendant City of New York

("City") who was discharged without notice or an opportunity to be heard, in violation of her

right to procedural due process of law under the Fourteenth Amendment to the United States

Constitution.

## JURISDICTION

2.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.  This Court's supplemental jurisdiction is also invoked.

## PARTIES

3.     Plaintiff Doreen Greenwood ("Greenwood") was hired by defendant New York City Department of Parks and Recreation ("DPR") on June 28, 2000, as an Urban Park Ranger. In or about May 2005, the City permanently appointed Greenwood to the competitive-class position of Associate Urban Park Ranger ("AUPR").  On or about April 24, 2008, the City notified Greenwood that her employment would be terminated effective April 25, 2008.

4.     DPR is a department of the City.  Defendants Adrian Benepe ("Benepe") and Joseph Trimble ("Trimble") are, respectively, Commissioner and Director of Timekeeping, Payroll, Benefits, and Labor Relations, of DPR.

5.     The New York Police Department ("NYPD") is a department of the City. Defendants Raymond Kelly ("Kelly") and Andrew Lunetta ("Lunetta") are, respectively, Commissioner and Commanding Officer of the License Division of NYPD.

## FACTS RELEVANT TO ALL CLAIMS

6.      In or about 2000, Greenwood successfully applied to NYPD for appointment as a Special Patrolman. This designation affords an individual limited peace officer status, and allows AUPR's to perform certain law enforcement duties.

7.      In a letter to Greenwood from Lunetta dated April 21, 2008, the City advised Greenwood that her appointment as a Special Patrolman was temporarily suspended pending an investigation. In violation of applicable regulations, Greenwood was not advised in writing of the reason for the suspension.

8.      NYPD did not afford Greenwood notice or a hearing prior to the suspension.

9.      In a letter to Greenwood from Trimble dated April 24, 2008, the City advised Greenwood that her employment would be terminated effective April 25, 2008, because her "Special Patrolman deputization has been suspended as of April 21, 2008."

10.     As a permanent employee in the competitive Civil Service class, Greenwood was entitled by State law to a pre-termination hearing before being disciplined.

11.     As an AUPR, Greenwood was covered by a collective bargaining agreement between the City and District Council 37, American Federation of State, County, and Municipal Employees, AFL-CIO, known as the Blue Collar Agreement. Pursuant to Article VI, Sections 1(e) and 5, of that agreement, permanent competitive-class employees are entitled to a pre-termination hearing before being disciplined.

12.     The City has not served Greenwood with disciplinary charges or afforded her a hearing under Article VI, Section 5, of the contract.

-3-

## AS AND FOR A FIRST CAUSE OF ACTION

13.     Greenwood had an expectation of continued employment with the City.  In discharging Greenwood without meaningful notice or a hearing, the City, Benepe, and Trimble, deprived Greenwood of a property interest without due process of law, under the Fourteenth Amendment of the United States Constitution.

14.     Benepe and Trimble acted with malice and in reckless disregard of plaintiff's rights protected under Federal law.

## AS AND FOR A SECOND CAUSE OF ACTION

15.     Greenwood had a legitimate claim of entitlement in retaining her designation as a Special Patrolman.  In suspending Greenwood's appointment without notice or a hearing, the City, Kelly, and Lunetta, deprived Greenwood of a property interest without due process of law under the Fourteenth Amendment of the United States Constitution.

16.     Kelly and Lunetta acted with malice and in reckless disregard of plaintiff's rights protected under Federal law.

## AS AND FOR A THIRD CAUSE OF ACTION

17.     The determination of DPR discharging Greenwood was arbitrary and capricious, made in violation of lawful procedure, affected by an error of law, and an abuse of discretion, and should be annulled pursuant to Article 78 of the New York Civil Practice Law and Rules.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

## ON THE FIRST AND SECOND CAUSES OF ACTION

(a)  declaring that the acts and practices complained of herein are in violation of the Fourteenth Amendment of the United States Constitution;

(b)  enjoining and permanently restraining these constitutional violations;

(c)  awarding plaintiff compensatory and punitive damages and damages for her mental anguish and humiliation;

(d)  awarding plaintiff reasonable attorney fees, costs, and disbursements;

(e)  granting such other and further relief as this Court deems just and proper;

## ON THE THIRD CAUSE OF ACTION

(f) declaring that the determination of DPR discharging Greenwood was arbitrary, capricious, made in violation of lawful procedure, affected by an error of law, or an abuse of discretion;

(g) ordering DPR to provide backpay and all other benefits to Greenwood for the period since her discharge, and in all other ways to make Greenwood whole;

(h) ordering DPR to permanently reinstate Greenwood to the competitive-class position of Associate Urban Park Ranger; and

(i) granting such other and further relief as to this Court seems just and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the causes of action herein.

Dated: New York, New York
     May 13, 2008

                          SCHWARTZ, LICHTEN & BRIGHT, P.C.
                          Attorneys for Plaintiff

                          By: _____
                             Stuart Lichten (SL-1258)
                          275 Seventh Avenue - 17th Floor
                          New York, New York 10001
                          (212) 228-6320