UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

DOREEN GREENWOOD,

                              Plaintiff,

        -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION;                    08 Civ. 4474 (GBD)
ADRIAN BENEPE, as Commissioner of the NEW
YORK CITY DEPARTMENT OF PARKS AND
RECREATION; JOSEPH TRIMBLE, as Director of
Timekeeping, Payroll, Benefits, and Labor Relations,
of the NEW YORK CITY DEPARTMENT OF PARKS
AND RECREATION; RAYMOND KELLY, as
Commissioner of the NEW YORK POLICE
DEPARTMENT; and ANDREW LUNETTA, as
Commanding Officer of the License Division of the
NEW YORK POLICE DEPARTMENT,

                              Defendants.

------------------------------------------------------------------x


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON LIABILITY


SCHWARTZ, LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiff
275 Seventh Avenue - 17th Floor
New York, New York  10001
(212) 228-6320

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

DOREEN GREENWOOD,

                                        Plaintiff,

              -against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION;
ADRIAN BENEPE, as Commissioner of the NEW                    08 Civ. 4474 (GBD)
YORK CITY DEPARTMENT OF PARKS AND
RECREATION; JOSEPH TRIMBLE, as Director of
Timekeeping, Payroll, Benefits, and Labor Relations,
of the NEW YORK CITY DEPARTMENT OF PARKS
AND RECREATION; RAYMOND KELLY, as
Commissioner of the NEW YORK POLICE
DEPARTMENT; and ANDREW LUNETTA, as
Commanding Officer of the License Division of the
NEW YORK POLICE DEPARTMENT,

                                        Defendants.

-------------------------------------------------------------------x


PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON LIABILITY

        Plaintiff Doreen Greenwood ("Greenwood") submits this memorandum of law in support

of her motion for summary judgment on liability.  Defendant City of New York ("City")

peremptorily discharged Greenwood, a permanent Civil Service appointee, without any hearing.

Defendants deprived Greenwood of her livelihood without due process, and summary judgment

with respect to liability should be granted for plaintiff.

<u>FACTS</u>

The City hired Greenwood on or about June 28, 2000, as an Urban Park Ranger. Answer of Trimble and Lunetta ("Answer") ¶ 3. On May 9, 2005, the City promoted Greenwood to the position of Associate Urban Park Ranger ("AUPR"). Answer ¶ 3. Under the New York Civil Service Law, AUPR is a "competitive class" position. Declaration of Stuart Lichten ("Lichten Dec."), Exhibit D; N.Y. Civil Service Law § 44. The City appointed Greenwood to a "permanent," as opposed to "provisional" or "temporary," AUPR position. Declaration of Doreen Greenwood ("Greenwood Dec.") ¶ 5; Civil Service Law §§ 64, 65. Greenwood completed a one-year probationary period in May 2006. Greenwood Dec., at ¶ 6.

In or about 2000, Greenwood successfully applied to the City for appointment as a Special Patrolman. Greenwood Dec., at ¶ 3. This designation allows AUPR's to perform certain law enforcement duties, such as issuing summonses and desk appearance tickets, making arrests, controlling crowds, and maintaining order in public buildings. 38 N.Y.C. Rules § 13-01.

On April 8, 2008, Greenwood was arrested and arraigned on a felony complaint in the Criminal Court of the City of New York. The complaint charged Greenwood with forgery in the second degree, offering a false instrument for filing in the first degree, and petit larceny. Greenwood has not been indicted, and the complaint is still pending in Criminal Court. <u>People v. Greenwood</u>, Docket No. 2008NY027112 (N.Y.C. Crim. Ct., N.Y. Cty. 2008).

In a letter to Greenwood from defendant Andrew Lunetta, Commanding Officer of the New York Police Department License Division, dated April 21, 2008, the City advised Greenwood that her appointment as a Special Patrolman was temporarily suspended pending an investigation. The letter did not advise Greenwood of the reason for the suspension. Lichten

2

Dec., Exhibit A.  The City did not afford Greenwood notice or a hearing prior to the suspension, and has not since afforded her any hearing.  Greenwood Dec., at ¶ 8.  According to City regulations, if the suspension resulted from Greenwood's arrest, plaintiff is only entitled to a hearing after the termination of the criminal proceeding.  38 N.Y.C. Rules § 13-03(b).

In a letter to Greenwood from defendant Joseph Trimble, Director of Timekeeping, Payroll, Benefits, and Labor Relations, for defendant New York City Department of Parks and Recreation ("DPR"), dated April 24, 2008, the City advised Greenwood that her employment would be terminated effective April 25, 2008, because her "Special Patrolman deputization has been suspended as of April 21, 2008."  Lichten Dec., Ex. B.  As a permanent appointee in the competitive class, Greenwood was entitled by State law to a pre-termination disciplinary hearing.  Civil Service Law § 75(1).  In addition, pursuant to a collective bargaining agreement ("CBA") between Greenwood's union and the City, Greenwood was entitled to a pre-termination disciplinary hearing.  Lichten Dec., Exhibit C.  The City has not served Greenwood with disciplinary charges or afforded her a disciplinary hearing.  Greenwood Dec., at ¶ 10.

## ARGUMENT

### GREENWOOD'S SUMMARY DISMISSAL DENIED HER DUE PROCESS

Greenwood, a tenured employee with an expectation of continued employment, was discharged without any hearing.  The City's actions constitute a deprivation of property without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

The facts here are not in dispute.  Summary judgment must be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter

3

of law." Fed. R. Civ. Pro. 56(c). Judgment as a matter of law is appropriate if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . .." Matsushita Elec. Indus. Co. v. Zenith Radio Corp. 475 U.S. 574, 587 (1986).

  To determine whether a plaintiff was deprived of property without due process, the Court first must identify the property interest involved. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). "A public employee has a property interest in continued employment if the employee is guaranteed continued employment absent 'just cause' for discharge." Ciambriello v. County of Nassau, 292 F.3d 307, 313 (2d Cir. 2002)(citing Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). "And it is well established that the state-law property interest of government employees who may only be discharged for cause . . . is a constitutionally protected property interest for purposes of the Fourteenth Amendment." O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005)(citing Cleveland B'd of Educ. v. Loudermill, 470 U.S. 532, 538-42 (1985); Strong v. Board of Educ., 902 F.2d 208, 211 (2d Cir. 1990)); Harhay v. Town of Ellington B'd of Educ., 323 F.3d 206, 213 (2d Cir. 2003)(tenured public employees have "important" consitutionally protected property interest in their employment and cannot be fired without due process).

  As a permanent, competitive-class appointee, Greenwood was entitled to a pre-termination disciplinary "hearing upon stated charges." Civil Service Law § 75(1). Furthermore, the CBA as well required that the City serve Greenwood with written charges and conduct a pre-

termination hearing.  Lichten Dec., Exhibit C, at 37-38.  "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and an opportunity for hearing appropriate to the nature of the case.'"  Loudermill, 470 U.S., at 542 (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)).  The City's failure to provide this due process violated the Fourteenth Amendment.

The City may argue that Greenwood was not entitled to a hearing because she was not disciplined, but rather was discharged after the City's suspended her Special Patrolman designation, a requirement for the AUPR position.  Greenwood, however, also possessed a property interest in retaining her Special Patrolman license.  "Once licenses are issued, . . . their continued possession may become essential in the pursuit of a livelihood.  Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees.  In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment."  Bell v. Burson, 402 U.S. 535, 539 (1971)(citations omitted); cf., Caruso v. City of New York, 1999 WESTLAW 408616, at *8 (E.D.N.Y.  June 14, 1999), aff'd mem., 225 F.3d 645 (2d Cir.  2000)(plaintiff has "property interest in retaining his status as a special officer under state law," but no interest in initially obtaining status).  The City also afforded Greenwood no hearing before suspending her license.

In determining what process Greenwood was due before she could be deprived of these property interests, the Court is required to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal

and administrative burdens that the additional or substitute procedural
requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976)(citing Goldberg v. Kelly, 397 U.S. 254, 264-71

(1970)).  In two cases involving a public employee who omitted a felony conviction on his job

application, and another who failed an eye examination, the Supreme Court found that "some

kind of hearing is required" prior to termination.  Loudermill, 470 U.S., at 542.  The pre-

termination hearing should be "an initial check against mistaken decisions--essentially, a

determination of whether there are reasonable grounds to believe that the charges against the

employee are true and support the proposed action."  Id., at 545-46.  The "tenured public

employee is entitled to oral or written notice of the charges against him, an explanation of the

employer's evidence, and an opportunity to present his side of the story."  Id., at 546 (citing

Arnett v. Kennedy, 416 U.S. 134, 170-71 (1974)).

Here, Greenwood has lost her livelihood with exactly zero due process.  The City

apparently contends that no hearing is required concerning the decision to terminate

Greenwood's employment because of the suspension of her Special Patrolman designation.  The

City's regulation regarding that designation provides for no pre-deprivation hearing, or even a

reasonably quick post-deprivation hearing, if the suspension resulted from an arrest.  38 N.Y.C.

Rules § 13-03(b).  The arrest itself, of course, is based upon a hearsay criminal complaint which

does not result from any sort of hearing, and which is not an accusatory instrument upon which a

criminal defendant can be tried.  N.Y. Criminal Procedure Law §§ 100.15, 100.40, 190.65,

200.10.  The City has provided no forum in which Greenwood can point out mistakes, respond to

the charges, or explain why she should be able to maintain her job.

Under the City's current policy, any public employee, no matter how many decades she has served with tenure, is in danger of irrevocably losing her employment if she is merely arrested, whatever the quality of the evidence or the ultimate disposition of the criminal charges. Any individual with a grudge against the employee, therefore, can complain to the police, have the employee arrested, and cause her to permanently lose her employment, even if the criminal charges are later dropped. The City's policy constitutes a classic deprivation of property without due process of law.

## CONCLUSION

Plaintiff respectfully requests that her motion for summary judgment on liability be granted, and that a trial be held on remedy.

Dated: New York, New York
     September 4, 2008

SCHWARTZ, LICHTEN & BRIGHT, P.C.

By: _____
   Stuart Lichten (SL-1258)
Attorneys for Plaintiff
275 Seventh Avenue - 17th Floor
New York, New York  10001
(212) 228-6320

7